UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FRANK L. LABBY, ET AL.** | **:** | **CIVIL ACTION NO. 18-cv-1388** |
| **VERSUS** | **:** | **UNASSIGNED DISTRICT JUDGE** |
| **LABBY MEMORIAL ENTERPRISES, LLC, ET AL.** | **:** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiffs, Frank L. Labby and Lisa J. Labby. Doc. 8. They also seek attorney fees pursuant to 28 U.S.C. § 1447(c). *Id.* at 3. Defendants, Labby Memorial Enterprises, LLC ("LME") and John W. Yopp, oppose remand. Doc. 11. This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the motion be **DENIED**.

### I.
#### BACKGROUND

On March 2, 2017 [doc. 11, att. 1, p. 1], LME, Labby Memorial Funeral Homes, Inc., Frank L. Labby, Lisa J. Labby, and Margie W. Labby executed an "Asset Purchase Agreement" in which LME purchased all of Labby Memorial Funeral Homes, Inc.'s tangible and intangible assets, with the exception of any real property. Doc. 11, att. 2, pp. 1-34. This agreement contained a provision limiting competition between Frank, Lisa, and Margie and LME. *Id.* at 13-14. In tandem with this agreement, Frank, Lisa and Margie executed a "Non-Competition Agreement" [*id.* at 62-74] with LME, Lisa entered into an "Employment Agreement" [*id.* at 75-82] with LME, and Frank entered into a "Management Agreement" [*id.* at 83-92] with LME. All of these agreements contained a

provision that directly limited the competition of Frank, Lisa or Margie or contained a provision that conditioned the agreement on one of the siblings' compliance with the "Non-Competition Agreement." *See* Doc. 1, att. 1, pp. 11-12, 66, 68, 79-80, 82, 87-89, 92.

On September 11, 2018, Frank L. Labby and Lisa J. Labby, Louisiana citizens, filed suit in the 36th Judicial District Court, Parish of Beauregard, Louisiana. Doc. 1, att. 1, pp. 2-4. Made defendants were John W. Yopp, a citizen of Georgia, and LME. *Id.* at 2. Plaintiffs allege there are inconsistencies in the noncompete agreements and seek declaratory judgement as to their rights and obligations under the agreements, the applicable substantive law, the validity of the terms of the noncompete agreements, the geographical limitations of the noncompete agreements, and "the obligation of the Defendants to pay the consideration for the agreements." *Id.* at 3-4.

On October 24, 2018, defendants removed the action to this court claiming we have original jurisdiction under the provisions of 28 U.S.C. § 1332 in that there exists complete diversity between the parties and the amount in controversy exceeds $75,000. Doc. 1. On November 21, 2018, plaintiffs filed the instant motion to remand. Doc. 8. Plaintiffs assert complete diversity does not exist [doc. 16] and that defendants have not met their burden of showing the amount in controversy exceeds $75,000. Doc. 8. They also seek attorney fees pursuant to 28 U.S.C. § 1447(c). Doc. 8, p. 3; Doc. 16, att. 1, pp. 4-6. Defendants oppose remand. Doc. 11.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). The removing defendant bears the burden

of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

This case has been removed pursuant to 28 U.S.C. § 1332. Doc. 1. Under this provision, district courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Plaintiffs now seek remand asserting complete diversity does not exist [doc. 16] and that defendants have not met their burden of showing the amount in controversy exceeds $75,000. Doc. 8.

### A. Diversity

When removing an action based on 28 U.S.C. § 1332, there must be complete diversity [*see Caterpillar Inc. v. Lewis*, 117 S.Ct 467, 468 (1996)] and a suit "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). If one of the parties is a limited liability company, its citizenship "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).

Defendant LME is "a limited liability company, formed and organized pursuant to the laws of the State of Louisiana." Doc. 1, p. 2. Plaintiffs, Louisiana citizens [*id.* at att. 1, p. 2], assert that LME's presence in this suit destroys diversity because Frank Labby, a Louisiana citizen, owns an interest in LME. *See* Doc. 16, att. 1, pp. 3-4. Defendants argue that, in spite of this ownership interest, Frank Labby is not a member of LME. Doc. 19, p. 7.

We agree that Frank Labby's ownership interest [doc. 16, att. 2] does not make him a member of LLE. Under the Louisiana laws governing limited liability companies, "[e]xcept as otherwise provided in the articles of organization or a written operating agreement . . . [a]n assignee

of an interest in a limited liability company shall not become a member . . . unless the other members unanimously consent in writing." La. R.S. § 12:1332(a). LME's articles of organization do not address adding new members and John Yopp is the only member listed. Doc. 19, att. 2, pp. 2-3. In an affidavit executed by John Yopp, he indicates LME has never adopted a written operating agreement [doc. 19, att. 1, p. 1] and that "as the sole member of LME, [he] never consented in writing (or otherwise) to Labby becoming a member of LME." Doc. 19, att. 1, p. 2. Accordingly, John W. Yopp, Georgia citizen [doc. 1, att. 1, p. 2], is the sole member of LME, LME is a citizen of Georgia, and complete diversity exists between the parties.

### B. Amount in Controversy

When a case is removed pursuant to § 1332, and complete diversity exists, typically federal courts only decline jurisdiction if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 58 S.Ct. 586, 590 (1938). However "[the Fifth Circuit] has indicated that the legal certainty test does not apply in a remand situation where the plaintiff has alleged an indeterminate amount of damages." *De Aguilar*, 47 F.3d at 1409. In these cases, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If it is not facially apparent from the complaint that the claims exceed $75,000, the court will look to "'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* (citing *Allen*, 63 F.3d at 1336).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in

controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n,* 97 S.Ct. 2434, 2443 (1977). This calculation is made in consideration of "the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir.1983). When the object of the litigation is a non-compete agreement, the court may consider a number of different factors to ascertain the suit's value. *See, e.g., Premier Indus. Corp. v. Texas Indus. Fastener Co.,* 450 F.2d 444, 447 (5th Cir.1971) (noting the jurisdictional amount could be found based on "a number of approaches"); *See also Basicomputer Corp. v. Scott*, 791 F.Supp. 1280, 1286 (N.D. Ohio 1991) (noting "'potential as well as past damages' are appropriate for consideration" when assessing the value of a non-compete) (citation omitted); *See also* C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 3708 (2d.ed. 1985) (stating "in a suit brought by an employer against a former employee to enforce a covenant not to compete, the court usually will look to the profits earned by the employer on business generated by the employee during the period immediately preceding his termination.")

Plaintiffs assert defendants have not met their burden of showing by a preponderance of evidence that the amount in controversy exceeds $75,000. Doc. 8. They argue that there is no money at issue in this case because "[t]he object of the state court complaint is the law to be applied to various non-compete provisions and their validity." *Id.* at att. 1, p. 10. Moreover, they suggest that defendants' failure to submit any additional affidavit evidence supporting the jurisdictional amount is fatal to its removal. *Id.* Defendants argue such affidavits are unnecessary because it is apparent from the agreements annexed to plaintiffs' state court complaint that the controversy "easily exceeds the jurisdictional threshold of $75,000." *See.* Doc. 11, pp. 11-12.

We agree with plaintiffs that the object of the state court complaint is the validity of the various non-compete provisions. However, we disagree that these agreements are without

monetary value. The state court complaint specifically states, "[t]he court should address all issues relating to the no-competition agreements, including, but not limited to . . . *the obligation of the Defendants to pay the consideration for the agreements*." Doc. 1, att. 1, pp. 3-4 (emphasis added). A copy of all of the agreements executed are annexed to plaintiffs' state court petition. Doc. 1, att. 1, pp. 5-96. These agreements include numerous provisions by which defendants obligated themselves to pay plaintiffs in connection with the non-compete agreements, including agreements to pay:

> (1) $2,319.79 monthly to each plaintiff for twenty (20) years, pursuant to a promissory note, which was conditioned upon plaintiffs' compliance with the terms of the non-compete agreements. Doc. 1, att. 1, pp. 11-12.
>
> (2) $1,000,000 to Frank L. Labby, Lisa J. Labby, and Margie W. Labby collectively, or $333,333.33 each, to execute non-compete agreements with twelve (12) year terms. *Id.* at 66, 68.
>
> (3) $138, 000 annually as a salary to Frank Labby for ten (10) years, subject to his compliance with a non-compete agreement, and provided he serve in a management capacity for defendants. *Id.* at 87-89, 92.
>
> (4) $36,000 annually as a salary to Lisa J. Labby for one (1) year, subject to her compliance with a non-compete agreement, and provided she serve as defendants' employee. *Id.* at 79-80, 82. This employment agreement had the option for nine (9) additional one-year renewals. *Id.* at 79-80.

These agreements establish by a preponderance of evidence that the amount in controversy exceeds $75,000. Accordingly, we find this case satisfies the jurisdictional requirements of § 1332 and we recommend plaintiffs' motion for remand be denied. Because we have found removal to be proper, plaintiffs' request for attorney fees and costs [doc. 8, p. 3; doc. 16, att. 1, pp. 4-6] should also be denied.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that plaintiffs' motion to remand and request for attorney fees and costs [doc. 8] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 10th day of June, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE