# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

FRANK L LABBY ET AL            CASE NO.  2:18-CV-01388

VERSUS            JUDGE JAMES D. CAIN, JR.

LABBY MEMORIAL ENTERPRISES L L    MAGISTRATE JUDGE KAY
C ET AL

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Claims Pursuant to F.R.C.P. 12(b)(6)" (Rec. 34) wherein Labby Memorial Enterprises, LLC and John W. Yopp ("Defendants") move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs, Frank L. Labby and Lisa J. Labby's claims made pursuant to Louisiana Revised Statute 23:631, *et seq.*[1]

## BACKGROUND

This lawsuit was removed from the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana.[2] The original state court petition prayed for a declaratory judgment and for such other relief which the Court deems appropriate.[3] In this Court, Plaintiffs filed an amended complaint to assert claims under Louisiana Revised Statute 23:631, *et seq.* (Discharge or resignation of employees; payment after termination of employment).

---

[1] Counts I and II of the Amended Complaint. Rec. 37.
[2] Rec. 1-1.
[3] Id.

Plaintiffs allege the following in their Petition for Declaratory Judgment[4] and First Amended, Restated and Supplemental Petition for Declaratory Judgment and For Other Relief.[5] Plaintiffs Frank Labby, Lisa Labby and Margie Labby, and Labby Memorial Funeral Homes, Inc. ("Funeral Homes") (sellers), and John W. Yopp entered into a Letter of Intent for the sale of the assets and goodwill of Funeral Homes. Subsequently, Funeral Homes entered into an Asset Purchase Agreement[6] with Labby Memorial Enterprises, LLC ("Labby Memorial"), and John W. Yopp, as Managing Member and Authorized Agent, and as personal guarantor of Labby Memorial (purchasers) for the purchase of the assets of Funeral Homes. As part of the closing, numerous documents were executed including a Non-Competition Agreement,[7] an Employment Agreement,[8] and a Management Agreement.[9] After the sale of the Funeral Homes, Frank and Lisa functioned in accordance with the management and employment agreements.[10]

On or about October 2017, despite the existence of the Management Agreement which provided a term of employment for ten (10) years, Frank Labby was terminated and no longer allowed on the Labby Memorial premises.[11] As of October 17, Labby Memorial has not made any payments under the Management Agreement.[12] Paragraph 17 of the Management Agreement provides for termination for cause as follows:

---

[4] Id.
[5] Rec. 37.
[6] Rec. 1-1, exhibit A attached to Petition for Declaratory Judgment.
[7] Rec. 37, exhibit C.
[8] Id. exhibit D.
[9] Id. exhibit E.
[10] Id. ¶ 12.
[11] Id. ¶ 13.
[12] Id. ¶ 14.

17. **Termination for Cause.** This Agreement may be terminated by the Company for cause without notice.  As used in this Agreement, "cause" means:

    (a)    Frank's stealing or unlawful use of property or monies of the Company or the Business;

    (b)    Frank's willful insubordination after reasonable warning or reprimand;

    (c)    Frank's arrest for, indictment for, the filing of an accusation of, or conviction of, a crime requiring intent or moral turpitude;

    (d)    Frank's actively and intentionally pursuing interests of a competitor to the detriment of the financial interests of the Company or the Business;

    (e)    Frank's failure to maintain a level of job performance satisfactory to the Company after reasonable written notices from Company and provided Frank has been given fifteen (15) days to correct any noted unsatisfactory performance (including failure to comply with the provisions of this Agreement); or

    (f)    Frank's failure to maintain all necessary licenses issued by the Louisiana State Board of Embalmers & Funeral Directors.[13]

Lisa J. Labby executed an Employment Agreement.[14] Plaintiffs allege that Labby Memorial has ceased making payments due from the Employment Agreement.[15] Plaintiffs allege that the Employment Agreement provides for the termination of Lisa J. Labby for cause as follows:

10. **Termination for Cause.** This Agreement may be terminated by the Company for cause without notice.  As used in this Agreement, "cause" means:

    (a)    Employee's stealing or unlawful use of property or monies of the Company or the Business;

    (b)    Employee's willful insubordination after reasonable warning or reprimand;

    (c)    Employee's arrest for, indictment for, the filing of an accusation of, or conviction of, a crime requiring intent or moral turpitude;

---

[13] Id. ¶ 19.
[14] Id. ¶ 28.
[15] Id. ¶ 36.

(d)   Employee's actively and intentionally pursuing interests of a competitor to the detriment of the financial interests of the Company or the Business;

(e)   Employee's failure to maintain a level of job performance satisfactory to the Company after reasonable written notices from Company and provided Frank has been given fifteen (15) days to correct any noted unsatisfactory performance (including failure to comply with the provisions of this Agreement).[16]

Plaintiffs allege that neither Labby Memorial, nor its guarantor, John W. Yopp alleges any bases for Frank Labby's termination, nor have they provided any written notices of deficiencies in job performance.[17] Plaintiffs assert that Defendants' failure to pay is a breach of contract and a violation of Louisiana Revised Statute 23:631.

## Rule 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880

---

[16] Id. ¶ 23.
[17] Id. ¶ 20.

(5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995)."[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."*Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Defendants maintains that Plaintiffs, Frank L. Labby and Lisa J. Labby, have failed to allege sufficient facts to state a claim under Louisiana Revised Statute 23:631 and 23:632 (Liability of employer for failure to pay; attorney fees; good-faith exception). "[T]he purpose of Section 23:631 is to compel an employer to pay the earned wages of an employee promptly after his dismissal or resignation", and "protects Louisiana's deeply rooted local interests in protecting the state's employees from forfeiting their hard-earned wages."*PHI, Inc. v. Office & Prof'l Employees Int'l Union,*624 F.Supp.2d 548, 557 (W.D. La. 2007).

"Wages" or the amount due under the terms of employment set forth in Louisiana Revised Statute 23:631 refers to wages which are earned during a pay period. *Boudreaux v. Hamilton Medical Group, Inc.* 644 So.2d 619, 622 (La. 10/17/94). If an employer fails to comply, in good faith with the requirements of 23:631, the employee may be entitled to penalty wages and reasonable attorney's fees under Louisiana Revised Statute 23:632. The claimant must show that "(1) wages are due and owing; (2) demand for payment was made where the employee was customarily paid; and (3) the employee did not pay upon demand." *Becht v. Morgan Bldg & Spas, Inc.,* 843 So.2d 1109, 1112 (La. 4/23/03).

As noted by Defendants, the Amended Complaint alleges that Frank Labby was told not to appear to fulfill his work duties and that his employment was terminated. The

Amended Complaint does not allege that Lisa Labby was terminated. The Amended Complaint alleges that Labby Memorial has not made any payments under Frank's Management Agreement and Lisa's Employment Agreement since October 2017.

Defendants argue that these facts are insufficient to support a claim under 23:631 and 23:632. The Amended Complaint alleges that Frank was terminated in October 2017;[18] no payments were made since October 2017. Defendants argue that these allegations do not establish that Defendants failed to pay Frank Labby and Lisa Labby *earned* wages.[19] Thus, Defendants move to dismiss these claims because the Amended Complaint fails to allege that Labby Memorial failed to pay Frank and Lisa for earned wages.

In their conclusion, Plaintiffs suggest that Defendants' motion to dismiss "seeks only the dismissal of the penalty provisions."[20] The Court disagrees. The first paragraph of Defendants' motion to dismiss expressly states that "Defendants pray that this Honorable Court grant the instant motion and dismiss Plaintiffs' *claims* pursuant to La.R.S. 23:631, *et seq.* (Counts I and II of the Amended Complaint) with prejudice at Plaintiffs' costs." (emphasis added)[21]

The Court agrees with Defendants that the Amended Complaint fails to establish the essential elements of Plaintiffs' claims under the statute. Moreover, as argued by Defendants, Plaintiffs are conflating a breach of contract claim with a claim under 23:631. Significantly, the Amended Complaint fails to establish a pay period wherein either Frank

---

[18] As previously noted, there are no allegations as to Lisa's termination.
[19] Frank was paid every two weeks. Rec. 33-7, p.3.
[20] Rec. 39-1, Conclusion paragraph, p. 7.
[21] Rec. 34, p.1.

or Lisa earned wages but were not adequately paid. Thus, the Amended Complaint does not allege that Defendants failed to pay Frank and Lisa for wages due and owing when their employment was terminated.[22]

In *Lamonte v. Premier Sales, Inc.,* 821 So.2d 120, 122 (La. App. 5 Cir. 5/29/02), the court held that a cause of action for future wages lies under a theory of breach of contract and that "[d]amages for breach of contract, even in the nature of lost wages, do not come under La.R.S. 23:631." See also *Bartlett v. Doctors Hosp. of Tioga,* 422 So.2d 660, 664 (La. Ct. App. 1982), *writ denied sub nom. Bartlett v Doctors Hosp. of Tioga & Diagnostic Health Care Serv, Inc.,* 427 So.2d 869 (La. 1983) (holding that a cause of action under La. R.S. 23:631 is separate from the cause of action under La.C.C. art. 2479); *Andrepont v. Lake Charles Harbor & Terminal Dist.,* 602 So.2d 704, 708 (La. 1992) (endorsing the view of *Bartlett*).

Defendants also argue that the Amended Complaint fails to allege that Frank made demand for payment, and Labby Memorial did not pay upon demand. In order for an employee to be entitled to penalty wages and attorney's fees under Louisiana Revised Statute 23:632, Plaintiffs must show that they made demand for payment and then the employer did not pay upon demand. Plaintiffs rely on *Dixon v. City of Alexandria*, 222 So.3d 739 (May 31, 2017) to posit that its filing of this lawsuit is sufficient to establish that they made a demand for payment. Plaintiffs' interpretation of the *Dixon* case is incorrect. The case does not hold that a defendant's filing of the lawsuit is proper demand pursuant

---

[22] As previously noted, the Amended Complaint does not allege that Lisa Labby was terminated.

to 23:632; it stated that defendant made payment immediately after it received the petition. Because Plaintiffs failed to allege that they made demand for payment, Plaintiffs are not entitled to penalty wages and attorney fees pursuant 23:632.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss will be granted as the Court finds that Plaintiffs have failed to allege facts that establish the essential elements of their claims under both Louisiana Revised Statutes 23:631 and 23:632.

**THUS DONE AND SIGNED** in chambers on this 21st day of February, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT COURT**