# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **FRANK L LABBY ET AL** | **CASE NO. 2:18-CV-01388** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LABBY MEMORIAL ENTERPRISES L L C ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Claims of Count IV of the Amended Complaint Pursuant to F.R.C.P. 12(b)(6)" (Rec. 44) wherein Defendants, Labby Memorial Enterprises, LLC and John W. Yopp ("Defendants") move to dismiss with prejudice Plaintiffs' claim for breach of contract with respect to the Right of First Refusal Agreement[1] at Plaintiffs' costs.

## BACKGROUND

Plaintiffs, Frank Labby, Lisa Labby, Margie Labby, and Labby Memorial Funeral Homes Inc. ("Funeral Homes") and John W. Yopp entered into a Letter of Intent for the sale of the assets and goodwill of Funeral Homes. Subsequently, Funeral Homes entered into an Asset Purchase Agreement with Labby Memorial Enterprises, LC ("Labby Memorial"), and Mr. Yopp, as Managing Member and Authorized Agent, and as a personal guarantor of Labby Memorial for the purchase of the assets of Funeral Homes. Several documents were executed as part of the closing, including a Right of First Refusal

---

[1] Count IV of the Amended Complaint.

Agreement (hereinafter referred to as the "Agreement"). In their motion, Defendants move to dismiss Plaintiffs' claim for breach of the Agreement. Defendants maintain that Plaintiffs have failed to allege sufficient facts that would constitute a breach of the Agreement.

### **RULE 12(B)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that A >a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.= @ *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff=s complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff=s complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim Aadmits the facts alleged in the complaint, but challenges plaintiff=s rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int=l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## **LAW AND ANALYSIS**

Through the Agreement, Labby Memorial granted Frank Labby "a right of first refusal with respect to the assets of the Business, on the terms and conditions set forth in

this Agreement."[2] With regard to the right of first refusal, the Agreement provides as follows:

> 2. **Grant of Right of First Refusal.** During the term of this Agreement, Grantee [sic] hereby grants to Grantee a right of first refusal with respect to the assets of the Business, on the terms and conditions set forth in this Agreement.[3]

The right of first refusal terminates on March 2, 2017.[4] Other pertinent provisions are as follows:

> 4. **Procedure; Notices**. In the event Grantor, receives, at any time, from any person or entity other than Grantee, a bona fide offer to purchase the Business, and if Grantor desires to accept such offer, then Grantee shall have the rights to purchase the Business on the same terms as offered by the third party (except as provided herein), and the parties agree that Grantor shall notify Grantee of Grantee's rights, and Grantee shall exercise or waive its right, in accordance with the following terms and conditions:
>
> (a) **Initial Offer**. Grantor shall obtain from the party desiring to purchase the Business (the party desiring to purchase the Business is hereinafter referred to as the "Prospective Purchaser") a written offer (hereinafter referred to as the "Initial Offer") . . . . [5]

In their Amended Complaint, Plaintiffs allege the following concerning Count IV:

> Frank L. Labby alleges that Labby Memorial Enterprises, LLC has sold at least one asset purchased from Labby Memorial Funeral Homes, Inc. without following the procedures specified, entitling Frank L. Labby to either the rights granted under the agreement, or to damages as appropriate.[6]

---

[2] Rec. 37-7, ¶ 2.
[3] Id. p. 1.
[4] Id.
[5] Id. p. 2.
[6] Rec. 37, ¶ 33. Amended Complaint.

In their opposition, Plaintiffs do not substantively address Defendants' motion to dismiss Count IV; Plaintiffs only contend that John W. Yopp. a guarantor of the Asset Purchase Agreement, "guarantees all "<u>other</u>" obligations of Labby Memorial Enterprises, LLC. Those "other" obligations include the obligations contained in the "Management Agreement", the "Employment Agreements of Lisa and Margie" and the "Right of First Refusal Agreement."[7]

In their Conclusion, Plaintiffs remark that the dismissal is more appropriately addressed procedurally in a motion for summary judgment.[8] Plaintiffs then state that the right of first refusal is not limited to a sale of all assets. It appears that Plaintiffs are contending that the right of first refusal applies to the offer to purchase a single asset. The Court disagrees with Plaintiffs' interpretation of the Agreement.

Here, it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Plaintiffs do not allege the existence of a bona fide offer to purchase the business. The Agreement's "Recital" refers to the Asset Purchase Agreement to include "all furniture, fixtures, equipment, goodwill, and other personal property and contract rights used by the Company in the operation of the business known as the 'Labby Memorial Funeral Homes,' located at 601 South 4th Street, Leesville, Vernon Parish, Louisiana 71446, and also located at 2110 Highway 171 South, DeRidder, Beauregard Parish, Louisiana 70634 (the 'Business' or the 'Funeral Homes')."

---

[7] Rec. 46, p. 4, "Memorandum in Support of Opposition to Motion to Dismiss Claims of Count IV by Labby Memorial Enterprises, LLC and John W. Yopp".
[8] Id. p. 6.

Considering the language of the Agreement, it is abundantly clear that the right of first refusal comprises the sale of the "Business" as a sale of all assets, not the sale of a single asset.

## **CONCLUSION**

The Court finds that Plaintiffs have not alleged facts to support their claim which would entitle them to relief. Therefore, the Court will grant Defendants' motion to dismiss Count IV for a breach of the Right of First Refusal Agreement.

**THUS DONE AND SIGNED** in chambers on this 3rd day of April, 2020.

*/s/ James D. Cain, Jr.*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**