# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

**FRANK L LABBY ET AL**                          **CASE NO.  2:18-CV-01388**

**VERSUS**                                        **JUDGE JAMES D. CAIN, JR.**

**LABBY MEMORIAL ENTERPRISES L L**     **MAGISTRATE JUDGE KAY**
**C ET AL**

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Claims of Count V of the Amended Complaint Pursuant to F.R.C.P. 12(b)(6)" (Rec. 53) wherein Defendants Labby Memorial Enterprises, LLC and John W. Yopp ("Defendants") move to dismiss Plaintiffs, Frank L. Labby and Lisa J. Labby's claim for dissolution of sale (Count V of the Amended Complaint) with prejudice at Plaintiff's costs.

## BACKGROUND

This lawsuit was removed from the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana.[1] The original state court petition prayed for a declaratory judgment and for such other relief which the Court deems appropriate.[2] In this Court, Plaintiffs filed an Amended Complaint to assert claims under Louisiana Revised Statute 23:631, *et seq.* (Discharge or resignation of employees; payment after termination of employment).

---

[1] Rec. 1-1.
[2] Id.

Plaintiffs allege the following in their Petition for Declaratory Judgment[3] and First Amended, Restated and Supplemental Petition for Declaratory Judgment and For Other Relief.[4] Plaintiffs Frank Labby, Lisa Labby and Margie Labby, and Labby Memorial Funeral Homes, Inc.  ("Funeral Homes") (sellers), and John W. Yopp entered into a Letter of Intent for the sale of the assets and goodwill of Funeral Homes. Subsequently, Funeral Homes entered into an Asset Purchase Agreement ("APA")[5] with Labby Memorial Enterprises, LLC ("Labby Memorial"), and John W. Yopp, as Managing Member and Authorized Agent, and as personal guarantor of Labby Memorial (purchasers) for the purchase of the assets of Funeral Homes.  As part of the closing, in addition to the APA, numerous other documents were executed including a Non-Competition Agreement,[6] an Employment Agreement,[7] and a Management Agreement.[8] After the sale of the Funeral Homes, Frank and Lisa functioned in accordance with the Management and Employment Agreements.[9]

On or about October 2017, despite the existence of the Management Agreement which provided a term of employment for ten (10) years, Frank Labby was terminated and no longer allowed on the Labby Memorial premises.[10] As of October 17, Labby Memorial

---

[3] Id.
[4] Rec. 37.
[5] Rec. 1-1, exhibit A attached to Petition for Declaratory Judgment.
[6] Rec. 37, exhibit C.
[7] Id. exhibit D.
[8] Id. exhibit E.
[9] Id. ¶ 12.
[10] Id. ¶ 13.

has not made any payments under the Management Agreement.[11] There are no allegations that Defendants have failed to make payments in accordance with the APA.

Lisa J. Labby executed an Employment Agreement.[12] Plaintiffs allege that Labby Memorial has ceased making payments due from the Employment Agreement.[13]

The only issue before the Court in this motion is whether Plaintiffs have alleged sufficient facts to state a claim for which relief can be granted for dissolution of sale under Louisiana Civil Code article 2561 (Count V of the Amended Complaint).

## RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

 Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989).  The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v.*

---

[11] Id. ¶ 14.
[12] Id. ¶ 28.
[13] Id. ¶ 36.

*Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995)."[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."*Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Plaintiffs allege in their Amended Complaint that they are entitled to a dissolution of the APA because Defendant have failed to perform (make payments) under the Non-Competition Agreement, the Employment Agreement, and the Management Agreement. Defendants argue that Louisiana Civil Code article 2561 only allows for dissolution when there has been nonpayment of the purchase price for the sale of a thing. Defendants then remark that the Amended Complaint does not allege nonpayment of the purchase price for a sale (i.e. the transfer of ownership of a thing for money). Thus, Defendants contend that Count V (dissolution of the sale) must be dismissed because there are no facts alleged that Defendants failed to pay the purchase price pursuant to the APA.

The parties to the APA were Plaintiffs Labby Memorial Funeral Homes, Inc., Margie W. Labby, Margie W. Labby, as Trustee of the Labby Family Trust and Defendants Labby Memorial Enterprises, LLC and John W. Yopp. The recitals in the APA stated that Funeral Homes was the owner of the "funeral home business known as 'Labby Memorial Funeral Homes'".[14] Also included in the APA was language describing the "goodwill" of both Frank and Lisa Labby which was included in the sale of the funeral home.[15]

Section 7 of the APA delineates the purchase price for each asset or category of assets sold. The Amended Complaint alleges the following:

35.

---

[14] Rec. 37-2, p.1.
[15] Rec. 37-2,  pp. 3-5.

As the letter of intent reflects, the price for the assets consisted of $4,000,000.00 payable as:

        A) $1,600,000.00 in cash;

        B) $1,400,000.00 in a promissory note;

        C) $1,000,000.00 for non-competition agreement; and

        D) Employment Agreements for Frank L. Labby for $114,000.00/year for ten (10) years and $60,000.00/year for ten (10) years.[16]

Plaintiffs seek dissolution of the sale of the assets pursuant to Revised Civil Code article 2561, *et seq.* due to the nonpayment of amounts due under the Non-Competition Agreement, the Management Agreement for Frank Labby, and the Employment Agreement for Lisa Labby.

Defendants remark that the Amended Complaint does not allege that Defendant failed to make payments in accordance with the APA. The Amended Complaint alleges that Labby Memorial has ceased making the payments due from the Non-Competition Agreement, the Management Agreement of Frank Labby and the Employment Agreement of Lisa Labby.[17]   Specifically, Defendants note that the Non-Competition Agreement, Management Agreement, and the Employment Agreement do not provide for any transfers of ownership of a thing in exchange for the payment of a purchase price. Instead, they are documents providing for payments in exchange for the performance of certain obligations to do (employment/management services) or not to do (compete).

---

[16] Rec. 37.
[17] Rec. 37, ¶ 36.

Defendants argue that because the allegations of the failure to pay under the Non-Competition Agreement, the Management Agreement and the Employment Agreement are not payments for the "sale" of a thing, Plaintiffs cannot seek dissolution of the sale of the assets under the APA pursuant to Louisiana Civil Code article 2561. Defendants argue that the Non-Competition Agreement, the Employment Agreement and the Management Agreement are separate contracts from the APA. Defendants contend that Plaintiffs have failed to cite any authority that would permit having one contract (APA) dissolved based upon the alleged nonperformance of another separate contract. Consequently, Defendants maintain that Plaintiffs have failed to state a claim for which relief can be granted.

In their Complaint, Plaintiffs seek dissolution of the APA pursuant to Louisiana Civil Code article 2561, whereas in their opposition, they seek dissolution pursuant to Louisiana Civil Code article 2013.[18] Plaintiffs remark that Defendants have ceased making payments on everything except the $1,400,000.00 annual note payment. Plaintiffs appear to contend that the APA, the Non-Competition Agreement, the Employment Agreement and the Management Agreement are all one contract, and the breach of any one of these "contracts" is a breach of all of the contracts. Plaintiffs argue that because they are one contract, they are entitled to dissolution due to the failure of Defendants to make payments as to the Non-Competition Agreement, the Employment Agreement, and the Management

---

[18] Article 2013 provides as follows:

When the obligor fails to perform, the oblige has a right to the judicial dissolution of the contract or, according to the circumstances, to regard the contract as dissolved.  In either case the oblige may recover damages.

In an action involving judicial dissolution, the obligor who failed to perform may be granted, according to the circumstances, an additional time to perform.

Agreement. Plaintiffs acknowledge that Defendants continue to make annual note payments as to the $1,400,000.00 promissory note in relation to the APA. Plaintiffs argue that Defendants' primary obligation is to pay money, irrespective of how those payments are structured.

Defendants contend that Plaintiffs' arguments are flawed because there are no allegations that Defendants failed to pay the purchase price of a thing – a necessary requirement for dissolution under Louisiana Civil Code article 2561. In other words, the Complaint does not allege that Defendants have failed to make payments under the APA; the APA is the sale of a thing, whereas, the Non-Competition Agreement, the Employment Agreement, and the Management Agreement are not the sale of a thing, but are contracts for future performance. Hence, Defendants maintain that the alleged failures to perform under the Non-Competition Agreement, the Employment Agreement, and the Management Agreement do not establish a claim for dissolution of the APA. Defendants maintain that the "sixty-one (61) page agreement with multiple, yet distinct, obligations," is far from a singular transaction.

Defendants remark that Plaintiffs only participated in one transaction under the APA, specifically the sale of their goodwill. Additionally, the APA excluded any amounts owed under the Non-Competition Agreement, the Employment Agreement, and the Management Agreement from the price paid for the sale of the goodwill.[19] The APA

---

[19] Rec. 37-2, p. 6.

provided that the parties would execute the Non-Competition Agreement, the Employment Agreement, and the Management Agreement at a later date.[20]

The Court agrees with Defendants that neither Louisiana Civil Code articles 2561 nor 2013 provides a cause of action for the dissolution of one contract based upon a failure to perform a different contract.  Louisiana courts have found that separate contracts create "distinct and separate contractual obligations."  *Fasullo v. A Druggists" Ins. Co.*, 262 So.2d 810, 814 (La.App. 4 Cir. 1972) ("We therefore concluded that here, . . . the policies issued were distinct and separate contractual obligations between the respective insurers and the plaintiff.  As such, they created only separate obligations and the liability of the insurers to the plaintiff was several in nature..."). Defendant cite *Stewart, Hyde & Co. v. Buard,* 23 La. Ann. 411 (1871), which we find instructive as follows:

> The contract contains distinct obligations to perform different things in favor of several persons; that is, the purchaser obligated herself to pay to the several persons who had sold their interests in the property, the price of their property severally. The obligations are several and unconnected, and "each obligee has his separate and distinct remedy on the obligation created toward him"-in the same manner as if the obligations had been in different contracts, made at different times.

Conversely, a breach by Lisa and/or Frank of the Employment or Management Agreement would not permit dissolution of the APA, as the agreements do not involve the sale of a thing, and they created distinct obligations with separate and distinct remedies.

---

[20] Id. pp. 10-11. In fact, these contracts were executed at a later date.

## CONCLUSION

For the reasons set forth above, the Court finds that the APA, the Non-Competition Agreement, the Employment Agreement, and the Management Agreement are each separate and distinct contracts with separate and distinct obligations and remedies for the obligation each contract creates.  Furthermore, the Court finds that the Non-Competition Agreement, the Employment Agreement, and the Management Agreement are not a sale of a thing and therefore Louisiana Civil Code articles 2561 and 2013 are not applicable.  The Court finds that the Amended Complaint makes no allegation that Defendants failed to perform any obligation created by the Asset Purchase Agreement. Therefore, Plaintiffs have failed to state a claim for relief for Count V – dissolution of the Asset Purchase Agreement.

**THUS DONE AND SIGNED** in Chambers on this 23rd day of July, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**