UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **FRANK L LABBY ET AL** | **CASE NO. 2:18-CV-01388** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LABBY MEMORIAL ENTERPRISES, L L C, ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss the Amended Complaint's Claim for Breach of the Non-Competition Agreement Pursuant to F.R.C.P. (b)(6)" (Doc. 58) wherein Defendants Labby Memorial Enterprises, LLC ("LME") and John W. Yopp ( collectively "Defendants") move to dismiss Plaintiffs' claims for breach of the Non-Competition Agreement (referred to herein as the "Agreement") with prejudice at Plaintiffs' costs for failure to state a claim for relief.

## RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995)."[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*

Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."*Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Defendants inform the Court that even though the "First Amended, Restated and Supplemental Petition for Declaratory Judgment and for Other Relief"[1] ("Amended Complaint") does not appear to assert a separate count for a breach of the Non-Competition Agreement, Count III of the Amended Complaint seeks a declaratory judgment that Plaintiffs are entitled to payment under the Non-Competition Agreement and the Plaintiffs assert a Prayer for damages against Defendants for breach of the Agreement.

In this motion, Defendants move to dismiss with prejudice any claim by Plaintiffs for damages due to any alleged breach of the Non-Competition Agreement. Defendants maintain that Plaintiffs have failed to state a claim for which relief can be granted. Defendants argue that the Non-Competition Agreement is not a valid, enforceable contract because it fails to comply with the temporal and geographic restrictions of Louisiana Revised Statute 23:921.

---

[1] Doc. 37.

*Temporal limitations*

Defendants inform the Court that LME timely made payments for two (2) years after which they notified Plaintiffs that they were free to compete.[2] Plaintiffs filed the instant lawsuit on September 20, 2018. The Non-Compete Agreement provides that "as an express incentive to induce Purchaser to enter into the Asset Purchase Agreement and in order to preserve the confidential information and goodwill with the Business, all of which is being transferred to Purchaser . . ."[3] The Agreement runs:

> ...from the date of this Agreement until March 2, 2029 (twelve [12] years from the Closing Date), within a fifty (50)-mile radius of the location of each of the Funeral Homes (601 South 4th Street, in Vernon Parish, Louisiana, in the corporate limits of the City of Leesville, and also 2110 Highway 171 South, Beauregard Parish, Louisiana in the corporate limits of the City of DeRidder)...

The Agreement required LME to pay Frank, Lisa and Margie Labby, jointly, a sum of $1,000,000 over a period of 12 years in 48 quarterly payments. Plaintiffs allege the following in their original Petition for Declaratory Judgment:

> While there are many common provisions of the numerous non-compete agreements, there are also numerous differences, thus Petitioners seek a declaration from this Court as to the rights and obligations of the parties, as well as what substantive law applies. The Court should address all issues relating to the non-competition agreement, including, but not limited to their validity, and if valid, their terms, geographic limits and the obligation of the Defendants to pay for the consideration for the agreements.[4]

---

[2] Defendants' Memorandum in Support of Motion to Dismiss, Doc. 58-1, p. 2, fn. 2.
[3] Doc. 37-3, p. 2, § 2.
[4] Doc. 1-1, ¶ 8.

In their First Amended, Restated and Supplemental Petition for Declaratory Judgment and for Other Relief,[5] Plaintiffs add a damage claim "for breach for the Non-Competition Agreement, awarding such damages as the Court deems appropriate."[6]

LME contends the Agreement violated the geographic requirement and exceeds the temporal restriction imposed upon non-compete agreements by Louisiana Revised Statute 23:921. LME ceased making payments on March 2, 2019.[7] Defendants maintain that the Agreement is null and void because it violates the restrictions in Louisiana Revised Statute 23:921; consequently, LME argues that because the Agreement is null and void, Plaintiffs have failed to state a claim for breach of the Agreement.

"Under Louisiana Law, formation of a valid and enforceable contract requires capacity, consent, a certain object and a lawful cause. *Velaquez v. Brand Energy & Infrastructure Servs., Inc.,* 781 F.Supp.2d 370, 375-376 (W.D. La. 2011). "The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy." Louisiana Civil Code article 1968. "A contract that lacks lawful cause is an absolute nullity, meaning that it cannot be confirmed by the parties." *Lowery v. Divorce Source, Inc.,* 2015 WL 5321758, at *2 (E.D. La. 2015); see *Bach Inv. Co. v. Philip,* 722 So.2d 1222, 1223 ("Thus, if a contract has as its cause or its object the violation or circumvention of a state statute, it is an absolute nullity in contravention of public order."); See also Louisiana Civil Code article 2030.

---

[5] Doc. 37.
[6] Id. Prayer, ¶ 4.
[7] Id. ¶ 16.

Louisiana has a "longstanding policy against covenants not to compete." *Team Envt'l Servs., Inc. v. Addison,* 2 F.3d 124, 126 (5th Cir. 1993). They are generally considered to be "against public policy." *Comet Indus. Inc. v. Lawrence,* 600 So.2d 85, 87 (La.App. 2 Cir. 1992); see *Aon Risk Servs. of Louisiana, Inc. v. Ryan,* 807 So.2d 1058, 1061 (La.App. 4 Cir. 2002).

"Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void." Louisiana Revised Statute 23:921(A)(1).

Louisiana has a strong public policy of restricting these types of agreements. *Innovative Manpower Sols., LLC v. Ironman Staffing, LLC*, 929 F.Supp.2d 597, 615 (W.D. La. 2013). Covenants not to compete are generally prohibited, save for compliance with the requirements of the exceptions provided in Louisiana Revised Statute 23:921. A "contract seeking to fit into an exception to this rule must strictly comply with the requirements contained in the statute." *Team Environmental Servs., Inc.,* 2 F.3d at 126-127. See *Aon Risk Servs. of Louisiana, Inc. v. Ryan,* 807 So.2d 1058, 1061 (La.App. 4 Cir. 2002). ("Statutory exceptions to the public policy against anticompetition agreements are tightly drawn and should be narrowly construed in keeping with the underlying policy of prohibiting restraint of free competition.").

Louisiana Revised Statute 23:921(B) provides as follows:

> Any person, including a corporation and the individual shareholders of such corporation, who sells the goodwill of a business may agree with the buyer that the seller or other interested party in the transaction, will refrain from carrying on or engaging in a business being sold within a specified parish or parishes, or municipality or municipalities, or parts thereof, so long

as the buyer, or any person deriving title to the goodwill from him, carries on like a business therein, not to exceed a period of two years from the date of sale.

Defendants maintain that the Agreement is null and void because it exceeds the two-year maximum period of the statute and argues against the Court reforming the Agreement or re-writing the Agreement. Plaintiffs concede that the Agreement contains a period longer than the statute allows but argues that the Severability provision[8] in the Agreement would reduce term of the non-compete to two years from twelve (12) years. Plaintiffs suggest that instead of nullifying the entire Agreement, the Court could award damages pursuant to Louisiana Revised Civil Code article 2033 which provides that the "parties must be restored to the situation that existed before the contract was made. If it is impossible or impractical to make restoration in kind, it may be made through an award of damages." See *Kimball v.*

---

[8] The Severability provision provides as follows:

> 12. Severability; Reformation. If any portion of this Agreement is held to be unreasonable, arbitrary or against public policy, provisions of this Agreement shall be considered divisible both as to time and as to geographical areas; and each month of each year of the specified period shall be deemed to be a separate period of time.  In the event any court determines the specified time period or geographical area to unreasonable, arbitrary or against public policy, the lesser time period or geographical area which is determined to be reasonable, non-arbitrary and not against public policy of the States of Louisiana or Georgia may be enforced. Notwithstanding the foregoing, Sellers shall honor the terms of this Agreement for the time periods and areas specified herein and shall not contest the enforceability of such periods or areas. Further, if any of the covenants, capacities, activities, periods or areas specified in this Agreement are considered unreasonable by a Court of competent jurisdiction, the parties agree that the Court will have authority to limit such covenants, capacities, activities, periods or areas to that which the Court deems proper in the circumstances, and to enforce this Agreement as so modified. By agreeing to this contractual modification prospectively at this time, the parties intend to make this Agreement enforceable under all applicable laws so that this entire Agreement as prospectively modified shall remain in full force and effect and shall not be rendered void or illegal.

*HEALTHCAREfirst, Inc.,* 2013 WL 478139 (M.D. 2018) (the district court determined damages were available for a null noncompete agreement).

Plaintiffs then point to paragraph 15 of the Agreement which states that:

This Agreement will be deemed to be a contract made under the laws of the State of Louisiana, and for all purposes will be governed by and interpreted in accordance with the laws prevailing in the State of Georgia, without regard to principles of conflict of laws.

Without addressing the effect of this provision, Plaintiffs argue that even if the Agreement was null, they would have a claim under Louisiana Civil Code article 2033. Specifically, Plaintiffs contend that it is impossible for this Court to erase the 2-year time period the Labbys did not compete.

Defendants correctly note that although Louisiana law generally permits parties to stipulate to their choice of law, "[s]uch contractual stipulations are not honored... where "there are legal or 'strong public policy considerations justifying the refusal to honor the contract as written.'" *NHC Corp. v. Broyles,* 749 F.2d 247, 250 (5th Cir. 1985); see Louisiana Civil Code article 3540; *F & A PLC v. Core Funding Grp., L.P.,* 2009 WL 10679111, at *5 (M.D. 2009). Just as was found in *NHC Corp.,* this Court also finds that strong public policy concerns exist in this case which require that Louisiana law apply. This Agreement involves the sale of a Louisiana business and Louisiana law disfavors non-compete agreements. Therefore, the Court deems the forum selection clause to be null and void.

The Court finds that considering the severability provision and applying Louisiana law, the Agreement expired March 2, 2019. Therefore, as of March 2, 2019, the Agreement was and/or is, no longer in effect.

*Geographical limitation*

Defendants seek to nullify the Agreement due to its geographical limitation which it contends does not comply with the mandates of Louisiana Revised Statute 23:921. Defendants argue that the Agreement fails to specify any parish or municipality to which the Agreement applies noting that the majority of Louisiana courts interpret Louisiana Revised Statute 23:921 as requiring the contract to specifically list the parishes or municipalities affected by the non-compete agreement. See *Innovative Manpower Sols., LLC v. Ironman Staffing, LLC,* 929 F.Supp.2d 597, 616 (W.D. La. 2013). Defendants also cite cases where Louisiana courts have held that geographic limitations defined by radial miles offend 23:921. Defendants argue that this Court cannot reform the contract and apply it to Beauregard and Vernon Parishes.

The Court finds that this issue is moot, considering our determination that based on Louisiana law, the Agreement's temporal limitation expired as of March 2, 2019. See *Pattridge v. Starks,* 181 So.3d 192, 199 (La.App. 2 Cir. 2015) (the court declines to reform the geographical scope of an agreement because "...the issue of the geographical scope of this non-compete is no longer relevant to this dispute as the temporal limitation on the non-compete expired ..., making this issue moot.").

## CONCLUSION

For the reasons set forth above, the Court finds that the Agreement has expired as of March 2, 2019. Accordingly, the motion to dismiss Plaintiffs' claims for breach of the Non-Compete Agreement will be granted for failure to state a claim.

**THUS DONE AND SIGNED** in Chambers, on this 10th day of August, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**