UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **FRANK L LABBY ET AL** | **CASE NO. 2:18-CV-01388** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LABBY MEMORIAL ENTERPRISES L L C ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss the Claim for Declaratory Judgment Under Count III of the Amended Complaint Pursuant to F.R.C.P. 12(b)(6)" (Doc. 63) wherein Defendants, Labby Memorial Enterprises, LLC and John W. Yopp, ("Defendants"), through counsel move to dismiss the claims of Plaintiffs, Frank L. Labby and Lisa J. Labby in Count III of the Amended Complaint for failure to state a claim for relief against Defendants for declaratory judgment.

## BACKGROUND

This lawsuit was removed from the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana.[1] The original state court petition prayed for a declaratory judgment and for such other relief which the Court deems appropriate.[2] In this Court, Plaintiffs filed an Amended Complaint and seek a declaration as to "all issues" related to Plaintiffs' non-competition obligations.

---

[1] Doc. 1-1.
[2] Id.

Plaintiffs allege the following in their Petition for Declaratory Judgment[3] and First Amended, Restated and Supplemental Petition for Declaratory Judgment and For Other Relief.[4] Plaintiffs Frank Labby, Lisa Labby and Margie Labby, and Labby Memorial Funeral Homes, Inc. ("Funeral Homes") (sellers), and John W. Yopp entered into a Letter of Intent for the sale of the assets and goodwill of Funeral Homes. Subsequently, Funeral Homes entered into an Asset Purchase Agreement ("APA")[5] with Labby Memorial Enterprises, LLC ("Labby Memorial"), and John W. Yopp, as Managing Member and Authorized Agent, and as personal guarantor of Labby Memorial (purchasers) for the purchase of the assets of Funeral Homes. As part of the closing, in addition to the APA, numerous other documents were executed including a Non-Competition Agreement,[6] an Employment Agreement,[7] and a Management Agreement.[8] After the sale of the Funeral Homes, Frank and Lisa functioned in accordance with the management and employment agreements.[9]

The Non-Competition Agreement was executed on March 2, 2017; Defendants paid Plaintiffs according to the terms of the Non-Competition Agreement for two (2) years.[10]

## RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the

---

[3] Id.
[4] Rec. 37.
[5] Rec. 1-1, exhibit A attached to Petition for Declaratory Judgment.
[6] Rec. 37, exhibit C.
[7] Id. exhibit D.
[8] Id. exhibit E.
[9] Id. ¶ 12.
[10] Doc. 37, ¶ 16.

sufficiency of a complaint under Rule 12(b)(6) is that A >a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.= @ *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff=s complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff=s complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim Aadmits the facts alleged in the complaint, but challenges plaintiff=s rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int=l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

AIn order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . .@ *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). ALegal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.@ *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).A[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference

fairly may be drawn that evidence on these material points will be introduced at trial.@ *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain Adetailed factual allegations,@ but it demands Amore than an unadorned, the defendant-unlawfully-harmed-me accusation.@*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers Alabels and conclusions@ or Aa formulaic recitation of the elements of a cause of action will not do.@ *Id.* Nor does a complaint suffice if it tenders Anaked assertion[s]@ devoid of Afurther factual enhancement.@ *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to Astate a claim to relief that is plausible on its face.@*Id.,* at 570, 127 S.Ct. 1955.

## **LAW AND ANALYSIS**

Defendants move to dismiss Plaintiffs' claim for any declaratory relief or damages as to the Non-Compete Agreement ("Agreement") between the parties. Defendants note that this Court dismissed Plaintiffs' claims as to the Agreement expressly finding that "as of March 2, 2019, the Agreement was and/or is, no longer in effect."[11] In so finding, the Court concluded that the Agreement, which had a term of 12 years, was in violation of the temporal restrictions of Louisiana Revised Statute 23:921.[12] Defendants further note that

---

[11] Doc. 74, p. 9.
[12] Plaintiffs conceded that the Agreement contained a period longer than the statute allowed.

as of March 2, 2019, they had paid Plaintiffs not to compete for two years.[13] Accordingly, this issue has been fully addressed in the Court's Memorandum Ruling and Judgment issued August 10, 2020.[14]

## CONCLUSION

For the reasons stated above and in this Court's Memorandum Ruling dated August 10, 2020,[15] the Court will grant Defendants' Motion to Dismiss Plaintiffs' Claim for Declaratory Judgment Under Count III of the Amended Complaint.

**THUS DONE AND SIGNED** in Chambers, on this 18th day of September, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[13] There is no dispute that Defendants paid Plaintiffs up until March 2, 2019—two years from the date of the sale.
[14] Doc. 74 and 75.
[15] Docs. 74 and 75.