UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **FRANK L LABBY ET AL** | **CASE NO. 2:18-CV-01388** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LABBY MEMORIAL ENTERPRISES, LLC, ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Defendant's Motion for Partial Summary Judgment Against Plaintiff Frank L. Labby, Seeking Dismissal of the Claims in Count VI of Amended Complaint" (Doc. #66) wherein Defendants Labby Memorial Enterprises, LLC ("LME") and John W. Yopp ("Yopp") move to dismiss with prejudice Count VI of the Amended Complaint which seeks a declaratory judgment of Frank Labby's interest in LME.

## FACTUAL STATEMENT

John Yopp did not consent to Frank L. Labby becoming a member of LME.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Defendants seek to dismiss Frank Labby's claim that he be declared a member of LME (in Count VI of the Amended Complaint). Defendants argue that the sole member of LME, John Yopp, never consented to Frank Labby being a member of LME. Frank argues that because he received a K-1 to report LME losses, he should be declared a member of the limited liability company. Frank relies on this K-1 and LME's Articles of

Organization filed with the Louisiana Secretary of State which lists Frank as a registered agent of the LLC.

Frank argues that by sending him the K-1 which entitled him to share in the profits and losses, Yopp judicially confessed that Frank is a member. Frank cites *Destiny Services, LLC v. Cost Containment Services, LLC,* (La. App. 1 Cir. 2011) 2010 CA 1895, an unpublished opinion that considered the fact that the party received a K-1 as one factor in deciding that one of the parties was a member. Frank also relies on Louisiana Revised Statute 12:1323 which states that the "profits and losses of a limited liability company shall be allocated among the members. . ."

Louisiana Revised Statute § 12:1301(14) provides that to be a member of an LLC, a person must have a "membership interest," which "...means a member's rights in a limited liability company, collectively, including the member's share of the profits and losses of the limited liability company, the rights to receive distribution of the limited liability company's assets, and any right to vote or participate in management." Louisiana Revised Statute § 12:1330(A) and 12:1332(A)(2) together provide that an assignee of an interest in an LLC can only become a member if "the other members unanimously consent in writing." See e.g., *Bourbon Investments, LLC v. New Orleans Equity LLC,* 207 So.3d 1088, 1093-95 (La.App. 4 Cir. 2016); *S.E. Prop. Holdings, LLC v. Chunn*, 231 So.3d 89, 94-95 (La.App. 3 Cir. 2017); *David Mortuary, LLC v. David,* 194 So.3d 826 (La.App. 3 Cir. 2016).

What is fatally absent in Frank's opposition, is any evidence that either he was a member upon the initial organization of the limited liability company, or that the sole

member of the limited liability company, John Wopp, consented to Frank being a member of the company. The statutory language expressly provides for an assignee to have a financial interest in a limited liability company without any rights to vote or participate in the management of LME.

## **CONCLUSION**

For the reasons set forth hereinabove, the Court will grant Defendants' Motion for Partial Summary Judgment and dismiss with prejudice, Plaintiff Frank Labby's claim for a declaratory judgment at to his alleged interest as a member of Labby Memorial Enterprises, LLC.

**THUS DONE AND SIGNED** in Chambers on this 24th day of September, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**